UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6971-CIV-ZLOCH

CATHERINE SUAREZ,

    Plaintiff,

vs.

        O R D E R

CITY OF SUNRISE POLICE
DEPARTMENT, a municipality,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Defendant, City of Sunrise's Motion For Final Summary Judgment (DE 43). The Court has reviewed the merits of said Motion and is otherwise fully advised in the premises.

    The Plaintiff, Catherine Suarez, commenced the instant action by filing a Second Amended Complaint (DE 19) seeking damages and equitable relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII"), section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1983, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760. This Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

    In her Second Amended Complaint, the Plaintiff alleges that the Defendant discriminated against her on the basis of sex by refusing to promote her and by creating a hostile work environment. The Plaintiff also alleges that the Defendant retaliated against her for having complained of the Defendant's discriminatory

79

conduct. Finally, the Plaintiff alleges that the Defendant deprived her of her free speech rights guaranteed under the First Amendment to the United States Constitution. The Defendant filed an Answer (DE 38) which is a general denial of the allegations in the Plaintiff's Complaint. In the instant Motion For Summary Judgment (DE 43), the Defendant asserts that there is no genuine issue of material fact as to any of the Plaintiff's claims and that the Defendant is entitled to summary judgment as a matter of law.

The Court notes that in ruling on the aforementioned Motion For Summary Judgment, it has considered only those matters permitted by Rule 56(c), Fed. R. Civ. P. Under Rule 56(c), summary judgment is proper

> . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

To summarize, the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided

2

at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986); <u>Everett v. Napper</u>, 833 F.2d 1507 (11th Cir. 1987). The standard for granting summary judgment is the same as the standard for granting a directed verdict. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). The Appellate Courts generally, therefore, will affirm the granting of summary judgment if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury. <u>Anderson</u>, 477 U.S. at 252-256; <u>Barnes v. Southwest Forest Industries, Inc.</u>, 814 F.2d 607 (11th Cir. 1987). The evidence of the non-movant is to be believed, however, and all justifiable inferences are to be drawn in his favor. <u>Anderson</u>, 477 U.S. at 255; <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970); <u>Barnes</u>, 814 F.2d at 609; <u>Borg-Warner Acceptance Corp. v. Davis</u>, 804 F.2d 1580 (11th Cir. 1986).

In the instant Motion (DE 43), the Defendant asserts that the Plaintiff cannot establish a prima facie case of either discrimination or retaliation, or a violation of her First Amendment rights. The Defendant further asserts that there were

3

legitimate, non-discriminatory reasons for its employment decisions and that the Plaintiff cannot establish that these reasons are pretext for otherwise unlawful discrimination. Upon review of the instant Motion, however, the Court finds that genuine issues of material fact exist which preclude the entry of summary judgment in favor of the Defendant.

The Court notes that the basis for the Plaintiff's claims are fact sensitive and that both parties have disputed many of the relevant facts. Accordingly, the Court finds that genuine issues of material fact exist which preclude the entry of summary judgment in favor of the Defendant. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Defendant, City of Sunrise's Motion For Final Summary Judgment (DE 43) be and the same is hereby **DENIED;** and

2. The Defendant, City of Sunrise's Motion To Strike Portions Of Affidavit Filed By Plaintiff, Catherine Suarez's, In Opposition To City's Motion For Final Summary Judgment (DE 67) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of July, 1999.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
Paul A. Capua, Esq.
E. Bruce Johnson, Esq.